IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HORAN, et al., | ) | CASE NO. 1:18-CV-02054 |
| | ) | |
| Plaintiffs, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO STRIKE DECLARATION OF JESSICA LEE AND FOR REASONABLE ATTORNEY'S FEES PURSUANT TO FED. R. CIV. P. 37(c)(1)**

The instant matter has been pending for nearly two years and has been slowed by numerous discovery-related extensions, a discovery dispute regarding Defendants' withholding of discovery responses for over four and a half months, and several briefing extensions. At no time during the pendency of this case, despite ample opportunities, have Defendants disclosed to Plaintiffs that Jessica Lee was in possession of any information relevant to this matter. Despite this fact, Defendants attached a lengthy declaration from Jessica Lee[1], and heavily relied on the information in the July 31, 2020 declaration in support of their Motion for Summary Judgement filed on August 3, 2020 pertaining to Plaintiff John Horan. Fed. R. Civ. P. 37(c)(1) mandates that this declaration, where the declarant's identity was withheld from Plaintiffs throughout the discovery process, be stricken. In addition, because Plaintiffs have been forced to again expend resources as a result of Defendants' avoidable discovery-related conduct, Plaintiffs respectfully request Defendants be ordered to pay Plaintiffs' reasonable attorney's fees for the preparation of this Motion pursuant to Fed. R. Civ. P. 37(c)(1)(A).

[1] Doc. # 52-6, PageID # 524.

## A. Summary of Discovery Process

This matter was filed on September 7, 2018, and after initial motion practice and informal discovery between the parties, Plaintiffs served their discovery requests on Defendants on June 19, 2019. Prior to the commencement of formal paper discovery, Defendants did not make any indication, whether through informal discovery or Rule 26 initial disclosures, that University Hospitals' ("UH") employee Jessica Lee was likely to have discoverable information to support UH's defenses. Following the service of Plaintiffs' discovery requests, counsel for Plaintiffs consented to multiple extensions requested by counsel for Defendants to return the discovery responses.

Four and a half months later, Defendants still had not returned discovery responses, and after four separate attempts by Plaintiffs to resolve the issue in the month of October 2019, Plaintiffs reached out to the Court, pursuant to Local Rule 37.1, to help resolve the discovery issue.[2] As determined during a November 1, 2019 telephone conference with the Court, Defendants returned their responses to Plaintiffs' discovery requests on November 8, 2019. Despite expending significant resources during the process of obtaining discovery responses from Defendants, Plaintiffs did not seek any payment of attorney's fees from Defendants.

In their responses to Plaintiff John Horan's discovery requests, Defendants did not once mention Jessica Lee in response to any of Plaintiff's interrogatories or requests for production of document that directly concerned the subject matter of these three declarations.[3] For example, Plaintiff John Horan's interrogatories propounded on Defendants asked the following:

> Identify the individual(s) who were responsible for implementing, exercising, or applying Defendants' policies for providing auxiliary aids and services, and reasonable

---

[2] See Email Correspondence from Sean Sobel to Hon. Pamela A. Barker, October 29, 2019, attached as Exhibit A.

[3] See Responses to Interrogatories for John Horan, attached as Exhibit B; Responses to Requests for Production of Documents, attached as Exhibit C.

accommodations for each of John Horan's visits at all times between September 7, 2016 to the present.
* * *

For each visit identified in Interrogatory No. 1, identify each individual who was involved in any way in the determination of the auxiliary aids and/or services or reasonable accommodations for Plaintiff while at UH, including their roles in and their contribution to the determination.

* * *

For each affirmative defense set forth in the Defendants' Answer:
1) state in detail all facts upon which the Defendants base such defense
2) the name, home address, home telephone number, business address, and business telephone number of all witnesses to those facts, and
3) the identity of all documents supporting such facts.

These interrogatories alone encompass the totality of subject matter testified to in the three declarations. In each response to these interrogatories, Defendants failed to disclose the identity of Jessica Lee. Further, during the depositions of the two individuals Defendants did disclose as having knowledge of UH's deaf communication policies and use of auxiliary aids for Deaf patients at UH, Jason Pirtz and Gail Murray, the identity of Jessica Lee was not mentioned.

**B. The Declaration of Jessica Lee Should be Stricken Pursuant to Fed. R. Civ. P. 37(c)(1)**

The Federal Rules of Civil Procedure do not permit a party to use information or a witness in a motion or at trial unless that information or witness was previously disclosed during the discovery process. Because Defendants failed to disclose that Jessica Lee had information relevant to the instant matter, despite numerous opportunities to do so, the declaration sworn to by Lee attached to Defendants' Motion for Summary Judgment should be stricken.

Fed. R. Civ. P. 37(c)(1) states:

*Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

The purpose of this rule is clear and seeks to prevent the exact situation at issue here: a party learning of the existence of a potentially material witness for the first time in a motion for summary judgment. Defendants' conduct in concealing the identity of Lee for nearly two years of litigation has robbed Plaintiffs of the opportunity to conduct meaningful discovery and cross-examine Lee on the assertions made in her declaration prior to this Court deciding Defendants' Motion for Summary Judgment.

The breadth of Lee's declaration and Defendants' considerable reliance on the declaration in its summary judgment motion show that the failure of Defendants to disclose Lee during the protracted discovery process is not harmless and should not be excused pursuant to Rule 37(c)(1). Further, it is hard to imagine any scenario where Defendants' refusal to disclose Lee to Plaintiffs until its summary judgment motion was "substantially justified." This discovery process was by no means rushed and Defendants had ample opportunity during the long pendency of this case to disclose the identity of the primary declarant utilized to move for summary judgment against Plaintiff John Horan.

Simply put, the Federal Rules of Civil Procedure does not allow a party to hide a witness from its opponent throughout the discovery process and then rely on that same witness in an effort to seek summary judgment. The declaration of Jessica Lee should be stricken.

### C. As A Result of Defendants' Conduct in Withholding Jessica Lee's Identity from Plaintiffs, Defendants Should Be Ordered to Pay Reasonable Attorney's Fees for Preparation of this Motion

Because Plaintiffs have been forced for a second time to seek this Court's intervention as a result of Defendants' discovery-related conduct, Defendants should be ordered to pay the reasonable attorney's fees for Plaintiffs to prepare this Motion. Fed. R. Civ. P. 37(c)(1)(A) states that in addition to or instead of a party not being permitted to utilize a witness not previously

disclosed, the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure." While Plaintiffs do not take this request lightly, Defendants' conduct during this discovery process has caused Plaintiffs to now seek this Court's intervention twice. In both situations, (1) Defendants' failure to return discovery responses for over four and a half months, and (2) failing to disclose to Plaintiffs the identity of a declarant heavily relied on in their summary judgment motion, Defendants could have easily prevented Plaintiffs need to expend considerable resources in remedying these issues.

Therefore, Plaintiff respectfully moves this Court to order Defendants to pay Plaintiffs' reasonable attorney's fees pursuant to Fed. R. Civ. P. 37(c)(1)(A) as a result of Defendants' failure to disclose Lee's identity prior to their summary judgment motion.

Respectfully Submitted,

/s/ *Sean H. Sobel*

Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
55 Erieview Plaza, Suite 370
Cleveland, Ohio 44106
T: (216) 223-7213
F: (216) 223-7213
sobel@swmlawfirm.com

Andrew November (0085018)
Rebecca Cervenak (0098579)
Liner Legal, LLC
4269 Pearl Road, Suite 104
Cleveland, Ohio 44109
T: (216) 282-1773
F: (216) 920-9996
anovember@linerlegal.com
rcervenak@linerlegal.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on August 10, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

*s/ Sean H. Sobel*
Sean H. Sobel (0086905)

*Attorney for Plaintiffs*