IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HORAN, et al., | ) | CASE NO. 1:18-CV-02054 |
| | ) | |
| Plaintiffs, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS HEALTH | ) | |
| SYSTEM, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

**DEFENDANTS UNIVERSITY HOSPITALS HEALTH SYSTEM, INC.'S, UNIVERSITY HOSPITALS MEDICAL GROUP, INC.'S, UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER'S, AND UNIVERSITY PRIMARY CARE PRACTICES, INC.'S RESPONSES TO PLAINTIFF JOHN HORAN'S INTERROGATORIES**

---

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Defendants University Hospitals Health System, Inc. ("UHHS"), University Hospitals Ahuja Medical Center, Inc. ("UHAMC"), University Hospitals Medical Group, Inc. ("UHMG"), University Hospitals Cleveland Medical Center ("UHCMC"), and University Primary Care Practices, Inc. ("UPCP") (UHHS, UHAMC, UHMG, UHCMC, and UPCP are, collectively, "Defendants"), hereby submit the following responses and objections to Plaintiff John Horan's ("Plaintiff" or "Horan") Interrogatories to Defendants (the "Discovery Requests"):

**GENERAL STATEMENT AND OBJECTIONS**

1.      Each response herein is made subject to all objections as to competence, relevance, materiality, propriety and admissibility, as well as any and all other objections and

grounds which require the exclusion of evidence.  Defendants reserve the right to make any and all such objections at trial and at any other proceeding relating to this action.

2.      No incidental or implied admissions are intended by Defendants' responses.  The fact that Defendants have responded to any request should not be construed as an admission that Defendants accept or admit the existence of any facts set forth or assumed by such request, or that the making of a response constitutes admissible evidence.  The identification and/or production of any documents shall not constitute a waiver by Defendants of any attorney-client privilege, work product privilege, confidentiality or any other applicable privilege.

3.      Plaintiff's Discovery Requests may cover communications between or documents exchanged by Defendants and their legal counsel, as well as other material covered by the attorney-client privilege, or by a restriction against production provided in federal or state law. To the extent the identity of such documents and the substance of such communications are sought generally by Plaintiff, Defendants object thereto on the ground that such information is protected by the attorney-client privilege and is not within the scope of discoverable information and therefore is not otherwise discoverable.

4.      Plaintiff's Discovery Requests may cover the subject matter of documents reflecting the impressions, conclusions, opinions, or legal research or theories of Defendants' legal counsel and consultants employed to prepare for litigation.  To the extent that such information or the identity or the substance of such documents is sought generally by Plaintiff, Defendants object thereto on the ground that such information is protected by the work product privilege.

5.     Defendants object to all of Plaintiff's Discovery Requests to the extent they incorporate Plaintiff's definitions and instructions that purport to compel Defendants to comply with discovery, or impose obligations, beyond the scope of the Federal Rules of Civil Procedure.

6.     Defendants object to all of Plaintiff's Discovery Requests to the extent they call for confidential, proprietary and/or trade secret information, including information that is marked confidential or deemed confidential by the terms of the protective order.  To the extent any such or similar information may be produced, it will be subject to a suitable protective order.

7.     Defendants object to the Discovery Requests to the extent that they are unlimited in temporal or geographic scope.

8.     Defendants object to any defined or undefined terms in the Discovery Requests that differ from how Defendants use such terms in its ordinary course of business, and any response or use of such terms in these responses does not constitute a waiver of any objections regarding the definition or scope of such terms.

9.     An objection to a specific document request does not imply that documents responsive to the request exist. By responding to Plaintiff's requests, Defendants do not admit, adopt, or acquiesce in any factual or legal contention, assertion, or characterizations contained in any Discovery Request.

10.     In making these objections, Defendants do not in any way waive or intend to waive, but rather intends to preserve and is preserving the following, should it become appropriate:

    a.     all objections to the competency, relevancy, materiality, and admissibility of any information that may be produced and disclosed in response to the Discovery Requests;

b. all rights to object on any ground to the use of any information that may be produced or disclosed in response to the Discovery Requests, or the subject matter thereof, in any subsequent proceedings, including the trial of this action; and

c. all rights to object on any ground to any request for further responses to the Discovery Requests or any other discovery requests from Defendants.

11. Defendants' research, investigation, discovery and analysis are continuing.  These responses are based on information presently known and available.  Defendants reserve the right to make changes in his responses or to present new and additional information at trial, to correct errors or omissions, to reflect more accurate information or to include subsequently discovered facts concerning matters covered by Plaintiff's Discovery Requests.

12. Subject to any objections asserted herein, Defendants will produce the documents as specified in these responses to the extent that it is able to locate such documents after a diligent search of all areas where it would reasonably expect to find such documents. Unless otherwise specified herein, Defendants specifically object to searching for responsive documents located on back-up tapes; for any deleted data; for any shadowed, deleted, or fragmented electronic files on the grounds that any request for such documents is unduly burdensome.

Subject to and without waiving the foregoing general objections, Defendants responds to the Discovery Requests as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each visit John Horan made to any UH Facility for medical care between September 7, 2016 and present.

**ANSWER:**

Defendants object to Interrogatory No. 1 on the grounds that it is overly broad and unduly burdensome.  Defendants also object to this Interrogatory on the grounds that it is vague and ambiguous with respect to the terms "visit", "UH Facility", and "medical care."  Defendants further object to this Request on the ground that Plaintiff is already in possession of this information and Plaintiff should have produced this information to Defendants.  Defendants further object to this request to the extent that this information is within the control of Plaintiff – Plaintiff knows when he visited UH Facilities.  Subject to and without waiving the foregoing general and specific objections, Defendants state: *see* documents produced during this litigation.  Further answering, Defendants state that Plaintiff's medical records indicate that he received treatment at the following facilities: UH Parma Medical Center, UH Case Medical Center, UHCMC, as well as any other UH facility identified in Plaintiff's medical records produced during this lawsuit.  Further answering, Plaintiff had one emergency room visit and numerous physician office visits with UH facilities since the lawsuit was filed.  Defendants have no records of any internal incidents or complaints from Plaintiff since January of 2018.


**INTERROGATORY NO. 2:** Identify Defendants' policy(s), oral or written, for providing auxiliary aids and services, and reasonable accommodations for deaf and hard of hearing individuals at all times between September 7, 2016 to the present, including any policies on how to determine which auxiliary aid or services are provided.

4846-8057-3354.1

**ANSWER:**

Defendants object to Interrogatory No. 2 on the grounds that it is overly broad and unduly burdensome. Defendants also object to this Request on the grounds that it is vague and ambiguous with respect to the terms "policy(s)", "auxiliary aids and services", and "reasonable accommodations". Defendants further object to this request to the extent that Plaintiff is already in possession of this information. Subject to and without waiving the foregoing general and specific objections, Defendants state: *see* documents produced during this lawsuit. Further answering, Defendants state that they have implemented the following policies: C P-2 Access to Interpretive Services (formerly CP-53 & 57); and CP-53 Hearing or Sensory-Impaired Persons; CP-57 – Foreign Language Translators (collectively referred to as the "Policies"). Further answering, Defendants state: *see* documents produced herewith that include website information and postings regarding the relevant policies, UH practices, and complaint procedures available to UH patients.

**INTERROGATORY NO. 3:** For each visit identified in Interrogatory No. 1, explain how Defendants followed the policy identified in Interrogatory No. 2 in effect at the time of each visit.

**ANSWER:**

Defendants object to Interrogatory No. 2 on the grounds that it is overly broad and unduly burdensome. Defendants also object to this Interrogatory on the grounds that it is vague and ambiguous with respect to the terms "Interrogatory No. 1", "visit" and "policy." Defendants further object to this Interrogatory on the grounds that it seeks a narrative response more

appropriately suited for a deposition.  Subject to and without waiving the foregoing general and specific objections, Defendants state *see* documents produced during this lawsuit.

Further answering, Defendants state that it has established the Policies, which set forth procedures for effective communication with persons who are hearing impaired.  The Policies are consistent with state and federal laws and regulations.  Defendants regularly provide training to medical staff and to their employees on the Policies.  In conjunction with the Policies, Defendants also provide appropriate auxiliary aids to persons with impaired sensory, manual, or speaking skills, and further provide these individuals with equal opportunity to benefit from Defendants' services.  Examples of auxiliary aids provided by Defendants are VRI equipment and live interpreters.  Defendants effectively communicated with Plaintiff in a manner which was consisted with the Policies, and all applicable federal and state laws, and Plaintiff's medical records reflect that such communication was effective and that Plaintiff was provided with equal opportunity and meaningful access to Defendants' services.

Further answering, Defendants states *see* documents produced herewith.  The documents produced demonstrate that each UH Facility has a MARTI contact person and that UH only received two complaints from Plaintiff regarding the MARTI system despite multiple visits to UH.  Plaintiff's treating physicians had effective communication with Plaintiff, but interpreters were provided when requested.  Defendants fully complied with the Policies and the law when providing treatment to Plaintiff.

Finally, as to Plaintiff's post-lawsuit visits, Defendants have received no internal complaints from Plaintiff.  It is evident that Plaintiff can effectively communicate with his UH treating professionals and has had no medical issues at any time due to alleged communication issues.

**INTERROGATORY NO. 4:** For each visit identified in Interrogatory No. 1, explain in detail the factual basis and reason Defendants did not provide a qualified American Sign Language interpreter to Plaintiff.

**ANSWER:**

Defendants object to Interrogatory No. 3 on the grounds that it is overly broad and unduly burdensome.  Defendants also object to this Interrogatory on the grounds that it is vague and ambiguous with respect to the terms "Interrogatory No. 1", "visit" and "qualified."  Defendants further object to this Interrogatory on the grounds that it seeks a narrative response more appropriately suited for a deposition.  Subject to and without waiving the foregoing general and specific objections, Defendants state *see* documents produced during this lawsuit.

Further answering, Defendants state that it has established the Policies, which set forth procedures for effective communication with persons who are hearing impaired.  The Policies are consistent with state and federal laws and regulations.  Defendants regularly provide training to medical staff and to their employees on the Policies.  In conjunction with the Policies, Defendants also provide appropriate auxiliary aids to persons with impaired sensory, manual, or speaking skills, and further provide these individuals with equal opportunity to benefit from Defendants' services.  Examples of auxiliary aids provided by Defendants are VRI equipment and live interpreters.  Defendants effectively communicated with Plaintiff in a manner which was consisted with the Policies, and all applicable federal and state laws, and Plaintiff's medical records reflect that such communication was effective and that Plaintiff was provided with equal opportunity and meaningful access to Defendants' services.

Further answering, Defendants states see documents produced herewith.  The documents produced demonstrate that each UH Facility has a MARTI contact person and that UH only

received two complaints from Plaintiff regarding the MARTI system despite multiple visits to UH.  Plaintiff's treating physicians had effective communication with Plaintiff, but interpreters were provided when requested.  Defendants fully complied with the Policies and the law when providing treatment to Plaintiff.

**INTERROGATORY NO. 5:** Identify the individual(s) who were responsible for implementing, exercising, or applying Defendants' policies for providing auxiliary aids and services, and reasonable accommodations for each of John Horan's visits at all times between September 7, 2016 to the present.

**ANSWER:**

Defendants object to Interrogatory No. 5 on the grounds that it is overly broad and unduly burdensome.  Defendants also object to this Interrogatory on the grounds that it is vague and ambiguous with respect to the terms "implementing", "exercising", "applying", "policies", "auxiliary aids and services", "reasonable accommodations", and "visit". Defendants further object to this Interrogatory on the grounds that it seeks a narrative response more appropriately suited for a deposition.  Defendants further object to this Interrogatory to the extent that Plaintiff is already in possession of the information responsive to this Interrogatory.  Subject to and without waiving the foregoing general and specific objections, Defendants state *see* documents produced during this lawsuit.  Further answering, Defendants state that a certain individual is responsible for ensuring effective communication pursuant to the Policies when such communication is required and/or requested.  Defendants are currently obtaining information as to the individual responsible for ensuring effective communication pursuant to the Policies with respect to Plaintiff's visits and will supplement this Interrogatory. Further answering, the medical

records speak for themselves.  A variety of medical professionals and visits are at issue in this lawsuit and information as to the specific details with respect to communication with Plaintiff is better requested through a deposition.  Further answering, Defendants state:  *see* documents produced that outline the UH representatives at each UH Facility who is responsible for the MARTI system.  UH developed the Policies and the use of MARTI system based on the expertise of Gail Murray, Ph.D, CCC-A, Director, Audiology Services for University Hospitals – Cleveland Medical Center.  The interpretive services offered at the time were reviewed as well as options that new technologies offered.  Gail Murray was in charge of the implementation of the MARTI system until 2016 when the Chief Nursing Officer, Jean Blake, took over responsibility for the MARTI system and the Policies.  The current Chief Nursing Officer is Jason Pirtz.

**INTERROGATORY NO. 6:** Identify every individual who wrote or otherwise contributed to any handwritten/typed notes used to communicate with Plaintiff for any visit identified in Interrogatory No. 1.

**ANSWER:**

Defendants object to Interrogatory No. 6 on the grounds that it is overly broad and unduly burdensome.  Defendants also object to this Interrogatory on the grounds that it is vague and ambiguous with respect to the terms "communicate" and "visit". Defendants further object to this Interrogatory on the grounds that it seeks a narrative response more appropriately suited for a deposition.  Defendants further object to this Interrogatory to the extent that Plaintiff is already in possession of the information responsive to this Interrogatory.  Subject to and without waiving the foregoing general and specific objections, Defendants state *see* documents produced during this lawsuit.  Further answering, the medical records speak for themselves.  A variety of medical

professionals and visits are at issue in this lawsuit and information as to the specific details with respect to communication with Plaintiff is better requested through a deposition.  Further answering, *see* documents produced that detail Plaintiff's complaints and the individuals responsible for responding to the complaints.

**INTERROGATORY NO. 7:** Identify all individual(s) who received a request from Plaintiff or on behalf of Plaintiff for an interpreter or otherwise discussed an interpreter in any way, specifying the date, time, details and circumstances surrounding how the request(s) were made.

**ANSWER:**

Defendants object to Interrogatory No. 7 on the grounds that it is overly broad and unduly burdensome.  Defendants also object to this Interrogatory on the grounds that it is vague and ambiguous with respect to the terms "request" and "interpreter". Defendants further object to this Interrogatory on the grounds that it seeks a narrative response more appropriately suited for a deposition. Defendants further object to this Interrogatory to the extent that Plaintiff is already in possession of the information responsive to this Interrogatory and is in control of this information. Subject to and without waiving the foregoing general and specific objections, Defendants state *see* documents produced during this lawsuit. Further answering, the medical records speak for themselves.  A variety of medical professionals and visits are at issue in this lawsuit and information as to the specific details with respect to communication with Plaintiff is better requested through a deposition.  Further answering, *see* documents produced that detail Plaintiff's complaints and the individuals responsible for responding to the complaints.

**INTERROGATORY NO. 8:** For each individual identified in response to Interrogatory No. 7, describe in detail all actions taken by the individual(s) in response to the request(s) or discussions for interpreters.

**ANSWER:**

Defendants object to Interrogatory No. 8 on the grounds that it is overly broad and unduly burdensome.  Defendants also object to this Interrogatory on the grounds that it is vague and ambiguous with respect to the terms "Interrogatory No. 7", "request" and "interpreters". Defendants further object to this Interrogatory on the grounds that it seeks a narrative response more appropriately suited for a deposition. Defendants further object to this Interrogatory to the extent that Plaintiff is already in possession of the information responsive to this Interrogatory. Subject to and without waiving the foregoing general and specific objections, Defendants state *see* documents produced during this lawsuit.

Further answering, Defendants state that it has established the Policies, which set forth procedures for effective communication with persons who are hearing impaired.  The Policies are consistent with state and federal laws and regulations.  Defendants regularly provide training to medical staff and to their employees on the Policies.  In conjunction with the Policies, Defendants also provide appropriate auxiliary aids to persons with impaired sensory, manual, or speaking skills, and further provide these individuals with equal opportunity to benefit from Defendants' services.  Examples of auxiliary aids provided by Defendants are VRI equipment and live interpreters.  Defendants effectively communicated with Plaintiff in a manner which was consisted with the Policies, and all applicable federal and state laws, and Plaintiff's medical records reflect that such communication was effective and that Plaintiff was provided with equal opportunity and meaningful access to Defendants' services.

As to Plaintiff, Plaintiff's treating professionals were able to effectively communicate with Plaintiff with no objections.  Plaintiff's advocates raised issues.  The first issue advised UH that Plaintiff simply wanted to notify UH management of the issue.  On the second occasion, interpreters were requested and UH provided the interpretive services to Plaintiff.  At no time did Plaintiff raise issues with his ability to effectively communicate, with or without live interpreters.

**INTERROGATORY NO. 9:** State all reasons and each factual basis that Defendants believe or believed that writing notes back and forth between any individual(s) providing care or treatment to Plaintiff would result in effective communication with Plaintiff while being treated by Defendants.

**ANSWER:**

Defendants object to Interrogatory No. 9 on the grounds that it is overly broad and unduly burdensome.  Defendants also object to this Interrogatory on the grounds that it is vague and ambiguous with respect to the terms "effective" and "communication". Defendants further object to this Interrogatory on the grounds that it seeks a narrative response more appropriately suited for a deposition. Defendants further object to this Interrogatory to the extent that Plaintiff is already in possession of the information responsive to this Interrogatory.  Subject to and without waiving the foregoing general and specific objections, Defendants state *see* documents produced during this lawsuit.

Further answering, Defendants state that it has established the Policies, which set forth procedures for effective communication with persons who are hearing impaired.  The Policies are consistent with state and federal laws and regulations.  Defendants regularly provide training to medical staff and to their employees on the Policies.   In conjunction with the Policies,

Defendants also provide appropriate auxiliary aids to persons with impaired sensory, manual, or speaking skills, and further provide these individuals with equal opportunity to benefit from Defendants' services.  Examples of auxiliary aids provided by Defendants are VRI equipment and live interpreters.  Defendants effectively communicated with Plaintiff in a manner which was consisted with the Policies, and all applicable federal and state laws, and Plaintiff's medical records reflect that such communication was effective and that Plaintiff was provided with equal opportunity and meaningful access to Defendants' services.

**INTERROGATORY NO. 10:** State all reasons and each factual basis that Defendants believe or believed that communicating through Plaintiff's family member(s) would result in effective communication about his treatment or care while being treated by Defendants.

**ANSWER:**

Defendants object to Interrogatory No. 10 on the grounds that it is overly broad and unduly burdensome.  Defendants also object to this Interrogatory on the grounds that it is vague and ambiguous with respect to the terms "effective" and "communication". Defendants further object to this Interrogatory on the grounds that it seeks a narrative response more appropriately suited for a deposition. Defendants further object to this Interrogatory to the extent that Plaintiff is already in possession of the information responsive to this Interrogatory.  Subject to and without waiving the foregoing general and specific objections, Defendants state *see* documents produced during this lawsuit.

Further answering, Defendants state that it has established the Policies, which set forth procedures for effective communication with persons who are hearing impaired.  The Policies are consistent with state and federal laws and regulations.  Defendants regularly provide training

to medical staff and to their employees on the Policies. In conjunction with the Policies, Defendants also provide appropriate auxiliary aids to persons with impaired sensory, manual, or speaking skills, and further provide these individuals with equal opportunity to benefit from Defendants' services. Examples of auxiliary aids provided by Defendants are VRI equipment and live interpreters. Defendants effectively communicated with Plaintiff in a manner which was consisted with the Policies, and all applicable federal and state laws, and Plaintiff's medical records reflect that such communication was effective and that Plaintiff was provided with equal opportunity and meaningful access to Defendants' services.

**INTERROGATORY NO. 11:** Identify each UH employee that communicated or attempted to communicate with Plaintiff during each visit identified in Interrogatory No. 1.

**ANSWER:**

Defendants object to Interrogatory No. 11 on the grounds that it is overly broad and unduly burdensome. Defendants also object to this Interrogatory on the grounds that it is vague and ambiguous with respect to the terms "UH employee", "communicated", "communicate", "visit", and "Interrogatory No. 1". Defendants further object to this Interrogatory on the grounds that it seeks a narrative response more appropriately suited for a deposition. Defendants further object to this Interrogatory to the extent that Plaintiff is already in possession of the information responsive to this Interrogatory. Subject to and without waiving the foregoing general and specific objections, Defendants state *see* documents produced during this lawsuit. Further answering, the medical records speak for themselves. A variety of medical professionals and visits are at issue in this lawsuit and information as to the specific details with respect to communication with Plaintiff is better requested through a deposition. Further answering, *see*

documents produced that detail Plaintiff's complaints and the individuals responsible for responding to the complaints.

**INTERROGATORY NO. 12:** For each person identified in response to Interrogatory No. 11, identify all methods of communication the individual used while interacting with Plaintiff. To the extent an individual communicated in more than one method, please identify each method and the date each method was used.

**ANSWER:**

Defendants object to Interrogatory No. 12 on the grounds that it is overly broad and unduly burdensome. Defendants also object to this Interrogatory on the grounds that it is vague and ambiguous with respect to the terms "Interrogatory No. 11", "methods of communication", and "communicated". Defendants further object to this Interrogatory on the grounds that it seeks a narrative response more appropriately suited for a deposition. Defendants further object to this Interrogatory to the extent that Plaintiff is already in possession of the information responsive to this Interrogatory. Subject to and without waiving the foregoing general and specific objections, Defendants state *see* documents produced during this lawsuit. Further answering, Defendants state that all medical personnel and employees followed the applicable policies with respect to the treatment and communication efforts provided to Plaintiff. Further answering, the medical records speak for themselves. A variety of medical professionals and visits are at issue in this lawsuit and information as to the specific details with respect to communication with Plaintiff is better requested through a deposition. Further answering, *see* documents produced that detail Plaintiff's complaints and the individuals responsible for responding to the complaints.

**INTERROGATORY NO. 13:** For each visit identified in Interrogatory No. 1, identify each individual who was involved in any way in the determination of the auxiliary aids and/or services or reasonable accommodations for Plaintiff while at UH, including their roles in and their contribution to the determination.

**ANSWER:**

Defendants object to Interrogatory No. 13 on the grounds that it is overly broad and unduly burdensome.  Defendants also object to this Interrogatory on the grounds that it is vague and ambiguous with respect to the terms "roles", "determination", "auxiliary aids and/or services", and "reasonable accommodations".  Defendants further object to this Interrogatory on the grounds that it seeks a narrative response more appropriately suited for a deposition.  Defendants further object to this Interrogatory to the extent that Plaintiff is already in possession of the information responsive to this Interrogatory. Defendant also objects to this Request on the grounds that it is duplicative.  Subject to and without waiving the foregoing general and specific objections, Defendants state *see* documents produced during this lawsuit.  Further answering, the medical records speak for themselves.  A variety of medical professionals and visits are at issue in this lawsuit and information as to the specific details with respect to communication with Plaintiff is better requested through a deposition.

**INTERROGATORY NO. 14:** Provide a list of any grievances or complaints, verbal or written, you have received from September 7, 2013 to the present from deaf or hard of hearing patients concerning communication, including the nature of the grievance or complaint, date the grievance or complaint was made, and the steps taken in response to the grievance or complaint.

**ANSWER:**

Defendants object to Interrogatory No. 14 on the grounds that it is overly broad and unduly burdensome.  Defendants also object to this Interrogatory on the grounds that it is vague and ambiguous with respect to the terms "deaf", "hard of hearing", "patients", "communication", "grievance", and "complaint".  Defendants further object to this Interrogatory on the grounds that it seeks a narrative response more appropriately suited for a deposition.  Defendants further object to this Interrogatory to the extent that Plaintiff is already in possession of the information responsive to this Interrogatory. Defendant also objects to this Request on the grounds that it seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Defendants state that there employees responsible for the Policies and the MARTI system have had few complaints from patients.  Plaintiff complained and those documents are produced herewith. Defendants are requesting information from the MARTI system vendor, documents produced herewith, to further confirm the lack of downtime for the system.  Defendants have checked their Midas system for each Plaintiff.  The Midas system reports incidents.  The only incidents regarding the Plaintiff's involve Plaintiff John Horan and those documents are produced herewith.  Finally, a snapshot of the use of the MARTI system is included.  The MARTI system has been effective and it is now utilized system wide.

**INTERROGATORY NO. 15**: For each affirmative defense set forth in the Defendants' Answer:

> 1) state in detail all facts upon which the Defendants base such defense
>
> 2) the name, home address, home telephone number, business address, and business telephone number of all witnesses to those facts, and

3) the identity of all documents supporting such facts.

**ANSWER:**

Defendants object to Interrogatory No. 15 on the grounds that it is overly broad and unduly burdensome.  Defendants further object to this Interrogatory on the grounds that it seeks a narrative response more appropriately suited for a deposition.  Defendants further object to this Interrogatory to the extent that Plaintiff is already in possession of the information responsive to this Interrogatory. Defendant also objects to this Request on the grounds that it is duplicative. Defendant further objects to this Interrogatory to the extent that it seeks information and documents protected by the attorney client privilege, work product doctrine, or any other privilege or immunity.  Defendant also objects to this Interrogatory to the extent that it seeks information or documents from one or more of the Defendants who were not involved.  Subject to and without waiving the foregoing general and specific objections, Defendants state *see* documents produced during this lawsuit, all pleadings filed in this Lawsuit, Defendants' Motion to dismiss and all motions and replies related thereto, and Defendants' Rule 26 Initial Disclosures.  Further answering, Defendants state that its policies and procedures with respect to the implementation of, and access to, auxiliary services is compliant with all state and federal laws and regulations.   All medical personnel and employees of Defendants followed the applicable policies with respect to the treatment and communication efforts provided to Plaintiff. Plaintiff's medical records reflect that all medical personal and employees of Defendants were able to communicate with Plaintiff during all times material to this lawsuit.

**INTERROGATORY NO. 16:** Identify the individual(s) who were responsible for creating, drafting, editing Defendant's policies for providing auxiliary aids and services, and reasonable accommodations as identified in Interrogatory No. 2.

**ANSWER:**

Defendants object to Interrogatory No. 16 on the grounds that it is overly broad and unduly burdensome.  Defendants also object to this Interrogatory on the grounds that it is vague and ambiguous with respect to the terms "responsible", "policies", "auxiliary aids and services", "reasonable accommodations", and "Interrogatory No. 2". Defendant further objects to this Interrogatory to the extent that it seeks information and documents protected by the attorney client privilege, work product doctrine, or any other privilege or immunity.  Defendant also objects to this Interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.   Subject to and without waiving the foregoing general and specific objections, Defendants state that the Chief Nursing officer was responsible for drafting the following policies: C P-2 Access to Interpretive Services (formerly CP-53 & 57); and CP-53 Hearing or Sensory-Impaired Persons; CP-57 – Foreign Language Translators.


**INTERROGATORY NO. 17:** Describe the corporate structure of UHHS, UHAMC, UHMG, UHCMC, UPCP, including their hierarchical employee structures, their relationship to each other.

**ANSWER:**

Defendants object to Interrogatory No. 17 on the grounds that it is overly broad and unduly burdensome.  Defendants also object to this Interrogatory on the grounds that it is vague and ambiguous with respect to the terms "corporate structure", "hierarchal employee structures", and

"relationship". Defendant further objects to this Interrogatory to the extent that it seeks information and documents protected by the attorney client privilege, work product doctrine, or any other privilege or immunity.  Defendant also objects to this Interrogatory on the grounds that it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Defendants state that UHHS, UHAMC, UHMG, and UHCMC are each individual corporations for non-profit, and that UPCP is a medical professional corporation.

**INTERROGATORY NO. 18:** Describe all education or training requirements for providing auxiliary aids and services, and reasonable accommodations pursuant to UH policy(s) as identified in Interrogatory No. 2.

**ANSWER:**

Defendants object to Interrogatory No. 18 on the grounds that it is overly broad and unduly burdensome.  Defendants also object to this Request on the grounds that it is vague and ambiguous with respect to the terms "education", "training requirements", "auxiliary aids and services", "reasonable accommodations", "UH policy(s)", and "Interrogatory No. 2". Defendants further object to this request to the extent that Plaintiff is already in possession of this information.  Subject to and without waiving the foregoing general and specific objections, Defendants state: *see* documents produced during this lawsuit.

As to objections,

Respectfully submitted,

_/s/ David A. Campbell_____
David A. Campbell (0066494)
Donald G. Slezak (0092422)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
david.a.campbell@lewisbrisbois.com
donald.slezak@lewisbrisbois.com

_Attorneys for Defendants_

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November 2019, the foregoing was filed through the Court's CM/ECF electronic filing system, which will provide service to Defendants' counsel of record.

/s/ David A. Campbell
Donald G. Slezak (0092422)
David A. Campbell (0066494)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
Donald.slezak@lewisbrisbois.com

*One of the Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN HORAN, et al., | )  CASE NO. 1:18-CV-02054 |
| | ) |
| Plaintiffs, | )  JUDGE PAMELA A. BARKER |
| | ) |
| vs. | ) |
| | ) |
| UNIVERSITY HOSPITALS HEALTH | ) |
| SYSTEM, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## VERIFICATION OF INTERROGATORY RESPONSES

I, Katherine Perry, being duly cautioned and sworn, hereby declare as follows:

1.      I am currently a the Senior Litigation Analyst for University Hospitals Health System.  I verify Defendants' Interrogatory Responses (the "Answers") and and am duly authorized to do so.

2.      The matters stated in the foregoing Answers are not all within my personal knowledge.  As to those facts of which I do not have personal knowledge, the facts stated in said Answers are based upon business and personal records which I have reviewed and/or have been assembled by my counsel and I am informed by said counsel that the facts stated in said Answers are true.

3.      I have conducted a good faith investigation into the Answers.  The investigation has included multiple employee interviews and other communications to gain information and verify the Answers.

I have read the foregoing declaration and I affirm under penalty of perjury under the laws of Ohio and the United States of America that the foregoing is true and accurate to the best of my knowledge, information, and belief.

Printed Name: _Katherine Perry_

Sigature:_Katherine Perry_

Date:_November 8, 2019_

1