IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HORAN, et al., | ) | CASE NO. 1:18-CV-02054 |
| Plaintiffs, | ) ) | JUDGE PAMELA A. BARKER |
| vs. | ) ) ) | |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS UNIVERSITY HOSPITALS HEALTH SYSTEM, INC.'S UNIVERSITY HOSPITALS MEDICAL GROUP, INC.'S, UNIVERSITY HOSPITALS CLEVELAND MEDICAL CENTER'S, AND UNIVERSITY PRIMARY CARE PRACTICES, INC.'S RESPONSES TO PLAINTIFF JOHN HORAN'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Pursuant to Rules 26 and 24 of the Federal Rules of Civil Procedure, Defendants University Hospitals Health System, Inc. ("UHHS"), University Hospitals Ahuja Medical Center, Inc. ("UHAMC"), University Hospitals Medical Group, Inc. ("UHMG"), University Hospitals Cleveland Medical Center ("UHCMC"), and University Primary Care Practices, Inc. ("UPCP") (UHHS, UHAMC, UHMG, UHCMC, and UPCP are, collectively, "Defendants"), hereby submit the following responses and objections to Plaintiff John Horan's ("Plaintiff" or "Horan") First Request for Production of Documents to Defendants (the "Discovery Requests"):

**GENERAL OBJECTIONS**

Defendants make the following general objections and responses to Plaintiff's Discovery Requests:

1

1. Defendants object to the Discovery Requests to the extent that they seek the production of information protected by the attorney-client privilege.

2. Defendants object to the Discovery Requests to the extent that they seek production of information protected by the attorney work-product doctrine or that were prepared in anticipation of litigation or for trial by or for Plaintiff or its representatives.

3. Defendants object to the Discovery Requests to the extent that they purport to require answers or actions not required by the Rules of Civil Procedure or the rules of this Court.

4. Defendants object to the Discovery Requests to the extent that they are unlimited in temporal or geographic scope.

5. Defendants object to any defined or undefined terms in the Discovery Requests that differ from how Defendants use such terms in its ordinary course of business, and any response or use of such terms in these responses does not constitute a waiver of any objections regarding the definition or scope of such terms.

6. An objection to a specific document request does not imply that documents responsive to the request exist. By responding to Plaintiff's requests, Defendants do not admit, adopt, or acquiesce in any factual or legal contention, assertion, or characterizations contained in any Discovery Request.

7. Defendants object to producing documents that contain trade secrets or other confidential information.

8. In making these objections, Defendants do not in any way waive or intend to waive, but rather intends to preserve and is preserving the following, should it become appropriate:

    a.    all objections to the competency, relevancy, materiality, and admissibility of any information that may be produced and disclosed in response to the Discovery Requests;

    b.    all rights to object on any ground to the use of any information that may be produced or disclosed in response to the Discovery Requests, or the subject matter thereof, in any subsequent proceedings, including the trial of this action; and

    c.    all rights to object on any ground to any request for further responses to the Discovery Requests or any other discovery requests from Plaintiff.

9. Subject to any objections asserted herein, Defendants will produce the documents as specified in these responses to the extent that it is able to locate such documents after a diligent search of all areas where it would reasonably expect to find such documents. Unless otherwise specified herein, Defendants specifically object to searching for responsive documents located on back-up tapes; for any deleted data; for any shadowed, deleted, or fragmented electronic files on the grounds that any request for such documents is unduly burdensome.

Subject to and without waiving the foregoing general objections, Defendants respond to the Discovery Requests as follows:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Produce all documents constituting a medical record for each visit identified in response to Interrogatory 1 of John Horan's First Set of Interrogatories to Defendants.

**ANSWER:**

Defendants object to Request No. 1 on the grounds that it is vague and ambiguous with respect to the terms "medical record" and "visit". Defendants also object to this Request to the extent that Plaintiff is already in possession of the documents responsive to this Request. Subject to and without waiving the foregoing general and specific objections, Defendants state: *see* documents produced during this lawsuit. Defendants have detailed Plaintiff's post-lawsuit visits in the interrogatory responses. Defendants have not produced the records from the post-lawsuit visits because they are not at issue in the lawsuit and Plaintiff has made no internal complaints regarding the visits. If Plaintiff believes the additional medical records are relevant, please advise counsel and the records can be supplemented. Further answering, Plaintiff has access to his record visit as well as his medical records.

**REQUEST NO. 2:** Produce any other medical records for John Horan accessed or obtained by UH, its agents, or its representatives after the initiation of this lawsuit.

**ANSWER:**

Defendants object to Request No. 2 on the grounds that it is vague and ambiguous with respect to the terms "medical records", "agents", and "representatives". Defendant further objects to this Request as it is duplicative. Defendant also objects to this Request to the extent that Plaintiff is already in possession of the documents responsive to this Request. Subject to and without waiving the foregoing general and specific objections, Defendants state: *see* their response to Request for Production No. 1.

**REQUEST NO. 3:** Produce any releases executed by John Horan allowing UH, its agents, or its representatives to access his medical records after the initiation of this lawsuit.

Defendants object to Request No. 3 on the grounds that it is overbroad and unduly burdensome. Defendants also object to this Request on the grounds that it is vague and ambiguous with

respect to the terms "releases", "agents", "representatives", and "medical records". Defendants also object to this Request to the extent that Plaintiff is already in possession of the documents responsive to this Request. Defendants further object to this request as it is irrelevant, as Plaintiff has placed his medical records and information at issue in this lawsuit and any release related thereto has no bearing on his claims. Subject to and without waiving the foregoing general and specific objections, Defendants state: *see* documents produced during this lawsuit. Further answering, the medical records produced in this matter have been produced by agreement of Plaintiff and order of the Court.

**REQUEST NO. 4:** Produce all versions, including all alterations or revisions to content, of the webpage "https://www.uhhospitals.org/patients-and-visitors/foreign-language-interpretive-services" from September 7, 2016 to the present.

**ANSWER:**

Defendants object to Request No. 4 on the grounds that it is overbroad and unduly burdensome. Defendants also object to this Request to the extent that Plaintiff is already in possession of the documents responsive to this Request. Defendants further object to this request as it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object on the grounds that Plaintiff has failed to describe the documents requested with reasonable particularity. Subject to and without waiving the foregoing general and specific objections, Defendants state: see documents produced herewith.

**REQUEST NO. 5:** Produce all drafts and final versions of the policy(s) identified in response to Interrogatory 2 of John Horan's First Set of Interrogatories to Defendants.

**ANSWER:**

Defendants object to Request No. 5 on the grounds that it is overbroad and unduly burdensome. Defendants further objects to this Request on the grounds that it is vague and ambiguous with respect to the term "policy(s)". Defendants also object to this Request to the extent that Plaintiff is already in possession of the documents responsive to this Request. Defendants further object to this request as it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object on the grounds that Plaintiff has failed to describe the documents requested with reasonable particularity. Defendants further object to this Request to the extent that it seeks information and documents protected by the attorney client privilege, work product doctrine, and any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, Defendants state: *see* documents produced during this lawsuit.

**REQUEST NO. 6:** Produce all Documents relating to the corporate structure of UHHS, UHAMC, UHMG, UHCMC, UPCP, including their hierarchical employee structures, their relationship to each other.

**ANSWER:**

Defendants object to Request No. 6 on the grounds that it is overbroad and unduly burdensome. Defendants further objects to this Request on the grounds that it is vague and ambiguous with respect to the terms "corporate structure" and "hierarchical employee structures". Defendant further objects to this request as it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects on the grounds that Plaintiff has failed to describe the documents requested with reasonable particularity. Defendant further objects to this Request to the extent that it seeks information and documents protected by the attorney client privilege, work product doctrine, and any other privilege or immunity. Subject to and

6

without waiving the foregoing general and specific objections, Defendants state the documents requested have no relevancy to this lawsuit. If Plaintiff would like to further discuss the relevancy of this Request, Defendants may reconsider their objection.

**REQUEST NO. 7:** Produce all Documents, including but not limited to agendas, attendance sheets, written materials, and PowerPoint slideshows, relating to any education or training identified in Interrogatory 18 of John Horan's First Set of Interrogatories to Defendants.

**ANSWER:**

Defendants object to Request No. 7 on the grounds that it is overbroad and unduly burdensome. Defendants further objects to this Request on the grounds that it is vague and ambiguous with respect to the terms "attendance sheets", "written materials", "education", and "training". Defendants further objects to this request as it is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object on the grounds that Plaintiff has failed to describe the documents requested with reasonable particularity. Defendants further object to this Request to the extent that it seeks information and documents protected by the attorney client privilege, work product doctrine, and any other privilege or immunity. Defendants also object to this Request to the extent that Plaintiff is already in possession of the documents sought by this Request. Subject to and without waiving the foregoing general and specific objections, Defendants state: *see* documents produced herewith and during this lawsuit.

**REQUEST NO. 8**: All documents reflecting or relating to any VRI video conferencing equipment obtained, maintained and/or used by you, including but not limited to documents reflecting the following:

    a. When the VRI equipment was first installed and/or used by Defendant;

    b. The names of the provider and manufacturer of the VRI equipment;

c. The name, address, and other contact information of the provider of VRI services;

d. The identity of the persons who provided VRI equipment and/or services training and the date(s) on which such training was received by any person affiliated with Defendant, including but not limited to doctors, nurses, admissions personnel, technicians, administrative personnel and other employees, agents or contractors;

e. Requirements or "best practices" encouraged by the persons or company who provided VRI equipment and/or services and the date(s) on which such requirements or "best practices" were conveyed to Defendant.

f. Attendance/sign-in sheets or any other written means of identifying individuals who received such training;

g. The person(s) responsible for maintaining the equipment including any person affiliated with Defendant and/or any third party;

f. The name of each patient whom VRI services were provided by Defendants, the date(s), times, and durations when VRI services were provided, and the name of any person(s) that operated the VRI equipment on behalf of Defendants; and the location of broadband Internet hookups in Defendants' facility for the actual use of the VRI equipment.

**ANSWER:**

Defendants object to Request No. 8 on the grounds that it is overbroad and unduly burdensome. Defendants also object to this Request on the grounds that it is vague and ambiguous with respect to the terms "VRI video conferencing equipment", "VRI equipment", "training", "technicians", "administrative personnel", "employees", "agents", "contractors", and "best practices". Defendants further object to this Request on the ground that it fails to describe the

8

requested documents with reasonable particularity. Defendants also object to this Request as it seeks information and documents which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing general and specific objections, Defendants state see documents produced herewith. Defendants have produced a sample of a notice when the MARTI system was down and alternative access was provided. Defendants have also conducted a good faith investigation and it has not found any recurring problems with the MARTI system. Multiple systems are used at each location and the system can be accessed through I Pads. Defendants have contacted its third party vendor regarding any records it may have regarding the above and such documents will be produced once the vendor provides a response. The third party vendor's information is also included in the document production.

**REQUEST FOR CONTENT:**

Please produce in native electronic format all electronically stored information related to the following items or categories. Please see the definition of ESI above, and note that this request includes content and associated metadata such as creation, Last Accessed, Modification dates, deletion status, and the identification of all computers on which data resides:

1. All emails to or from the custodians in (a) and containing the keyword(s) from (b) from September 7, 2016 until September 7, 2018.
2. All Microsoft Word documents created or received by the custodians in (a) and containing the keyword(s) from (b) from September 7, 2016 until September 7, 2018.
   a. Custodians:
      i. All individuals identified in response to Interrogatory 16 of John Horan's First Set of Interrogatories to Defendants.

9

  b. Keywords:

    i. deaf

    ii. hard of hearing

    iii. interpret!

    iv. video remote interpret!

    v. VRI

    vi. lip read!

    vii. pass! notes

    viii. written notes

    ix. sign language

    x. American Sign Language

    xi. ASL

    xii. live interpret!

    xiii. on site interpret!

    xiv. on-site interpret!

    xv. deaf policy

    xvi. effective communication

    xvii. ADA

**ANSWER:**

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and fails to describe the documents, information, and/or content requested with reasonable particularity. Defendants further object to this Request on the grounds that it asks Defendants to perform a system-wide search and review thousands upon thousands of documents, the

10

overwhelming majority of which is not relevant to this lawsuit. Defendants further object to this Request to the extent that Plaintiff is already in possession of the content and/or documents requested. Defendants also object on the grounds that the content and/or documents requested is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as it would place an unnecessary burden upon Defendants and its employees and take considerable time and expense, the burden of which greatly outweighs any benefit to Plaintiff. Defendants also object to this Request to the extent it is seeking information and documents protected by the attorney client privilege, work product doctrine, or any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, Defendants state that Plaintiff's Request is not relevant to this lawsuit. If Plaintiff would like to further discuss the relevancy of this Request, Defendants may reconsider their objection.

Further answering, Defendants' Midas system is the electronic record for patient complaints or issues. Defendants have reviewed its Midas system for complaints from any of the Plaintiffs. The only Midas system complaints that have been located are for Plaintiff John Horan. Defendant has no way to search the Midas system for categories of complaints, key terms or other search methods to locate documents meeting the above terms. Defendants' search has located complaints from John Horan, but none from any other Plaintiff. In addition, Defendants' good faith search has not revealed any patient complaints regarding the Policies or the MARTI system beyond those addressed in this lawsuit.

**REQUEST FOR ARTIFACTS:**

Please produce in native electronic format the following electronic information for each of the computers searched in response to this Request for Production of ESI. Please extract and

copy this information using protocols that do not modify any of the content or metadata. It is suggested that respondent create a forensic copy of each of these sources of discoverable information to avoid spoliating relevant metadata:

    A.    The System Registry, if any, of the Operating System for each computer searched for ESI;

    B.    The Windows System Event Logs;

    A.    The Windows Prefetch Folder.

**ANSWER:**

Defendants object to this request on the grounds that it is overbroad, unduly burdensome, and fails to describe the documents, information, and/or content requested with reasonable particularity. Defendants further object to this Request on the grounds that it asks Defendants to perform a system-wide search and review thousands upon thousands of documents and artifacts, the overwhelming majority of which is not relevant to this lawsuit. Defendants further object to this Request to the extent that Plaintiff is already in possession of the artifacts and/or documents requested. Defendants also object on the grounds that the artifacts and/or documents requested is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants also object to this Request as it would place an unnecessary burden upon Defendants and its employees and take considerable time and expense, the burden of which greatly outweighs any benefit to Plaintiff. Defendants also object to this Request to the extent it is seeking information and documents protected by the attorney client privilege, work product doctrine, or any other privilege or immunity. Subject to and without waiving the foregoing general and specific objections, Defendants state that Plaintiff's Request is not relevant to this

lawsuit. If Plaintiff would like to further discuss the relevancy of this Request, Defendants may reconsider their objection.

                As to objections,

                Respectfully submitted,

                */s/ David A. Campbell*
                David A. Campbell (0066494)
                Donald G. Slezak (0092422)
                Lewis Brisbois Bisgaard & Smith, LLP
                1375 E. 9th Street
                Suite 2250
                Cleveland, OH 44114
                Phone: (216) 298-1262
                Fax: (216) 344-9421
                david.a.campbell@lewisbrisbois.com
                donald.slezak@lewisbrisbois.com

                *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of November 2019, the foregoing was filed through the Court's CM/ECF electronic filing system, which will provide service to Defendants' counsel of record.

/s/ David A. Campbell
Donald G. Slezak (0092422)
David A. Campbell (0066494)
Lewis Brisbois Bisgaard & Smith, LLP
1375 E. 9th Street
Suite 2250
Cleveland, OH 44114
Phone: (216) 298-1262
Fax: (216) 344-9421
Donald.slezak@lewisbrisbois.com

*One of the Attorneys for Defendants*

4813-2382-0458.1