IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN HORAN, et al., | ) | CASE NO. 1:18-CV-02054 |
| | ) | |
| Plaintiffs, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| vs. | ) | |
| | ) | |
| UNIVERSITY HOSPITALS HEALTH SYSTEM, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DECLARATION OF JESSICA LEE AND FOR REASONABLE ATTORNEY'S FEES PURSUANT TO FED. R. CIV. P. 37(c)(1) AND REQUEST FOR TELECONFERENCE REGARDING SUMMARY JUDGMENT BRIEFING SCHEDULE**

Plaintiffs, through undersigned counsel, provide the following reply in support of their Motion to Strike the Declaration of Jessica Lee and for Reasonable Attorney's Fees Pursuant to Fed. R. Civ. P. 37(c)(1) filed on August 10, 2020. As set forth *infra*, Plaintiffs also respectfully request a teleconference with all Parties and the Court to discuss the remaining briefing schedule for Defendants' Motions for Summary Judgment.

**A. Defendants Mischaracterize Judge Boyko's Initial Discovery Order, and Their Reliance On Discovery Related to the Order to Excuse Their Failure to Disclose Jessica Lee is Misplaced.**

In their Response to Plaintiffs' Motion to Strike, Defendants offer a bevy of excuses related their failure to disclose the identity of Jessica Lee to Plaintiffs prior to Defendants' reliance on her sworn declaration in their summary judgment motion. Defendants also muddy the waters in an attempt to justify their own failure to disclose by arguing that Judge Boyko's February 15, 2019 initial discovery Order, which simply ordered the Parties "to conduct discovery focused on Defendant's policy," somehow dispensed of Defendants' obligation to disclose to Plaintiffs a key

witness Defendants would rely on nearly 18 months later. Judge Boyko's February 15, 2019 Order was in response to Defendants' January 4, 2019 attempt to sever the instant matter into separate cases for each Plaintiff and was simply an opportunity for the Parties to explore what Plaintiffs argued, and still continue to argue, is the primary thread that ties Plaintiffs' claims together: University Hospitals' system-wide policy for communicating with Deaf patients.

Defendants now argue that Judge Boyko's February 15, 2019 Order went considerably farther than the one sentence directive Judge Boyko included on the docket entry, and Judge Boyko ordered "the parties to opt out of the Rule 26(a) disclosures and to partake in extensive, informal discovery on the claims and policies at issue." Dft. Br. In Opp., Doc# 58 at 5, PageID#749. This is simply not true and is not only belied by Judge Boyko's Order, but also by the March 1, 2019 agreement between the Parties as to how this initial discovery phase would be conducted. Counsel for Defendants provided counsel for Plaintiffs correspondence memorializing an agreement between the Parties at to what information would be provided by each side in response to Judge Boyko's February 15, 2019 Order. *See* Declaration of David Campbell, Doc # 58-1, PageID # 776.

The March 1, 2019 correspondence summarizing the agreement between the Parties makes no mention of the Parties "opting out" of their obligations, either formally or informally, under Rule 26(a)(1)(A)(i) to disclose "the name ... of each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses." Plaintiffs met their obligations under Rule 26(a)(1)(A)(i) by providing Defendants a complete list of individuals who were likely to have discoverable information for each Plaintiff on April 5, 2019. *Id*. at PageID # 782. Plaintiffs even went so far as to supplement its April 5, 2019 discovery disclosures with additional information and further individuals who were likely to have discoverable information on April 24, 2019. *See* April 24, 2019 Correspondence from Sean Sobel to Counsel for Defendants.

2

attached as Exhibit D. Following Plaintiffs April 24, 2019 supplementation of its initial discovery disclosures of individuals likely to have discoverable information, Plaintiffs were unaware of any perceived deficiency in any of their discovery responses until Defendants' August 31, 2020 response to Plaintiff's motion to strike.

Ultimately, even if the Parties did opt out of Rule 26(a) disclosures, and even if Defendants have harbored some long-standing grievance with the sufficiency of discovery responses provided by Plaintiff in April 2019, Defendants still cannot explain how they did not have an affirmative duty to disclose Jessica Lee's identity during the lengthy and comprehensive discovery process that ensued.

**B. The Inclusion of Jessica Lee's Declaration Without Making Her Identity Known To Plaintiffs Was Harmful and Deprived Plaintiffs A Reasonable Opportunity to Conduct Various Discovery on Her Opinions.**

Jessica Lee declared that she is the CMC Manager of the Cardiac Catherization and EP Labs at University Hospital's Cleveland Medical Center. Defendants do not dispute that Jessica Lee did not provide direct care for John Horan. Thus, without disclosure, as contemplated by Fed. R. Civ. P. 26(a), it was impossible for Plaintiff to ascertain her existence. Defendants do not dispute that Ms. Lee was not part of John Horan's care team. Rather, Ms. Lee is a manager at University Hospitals where her qualifications and basis for her opinions contained in her declaration continues to remain unknown to Plaintiffs.

Defendants' omission is not harmless. Not only do Defendants cite to Ms. Lee's declaration 23 times in its summary judgment motion, Defendants alternatively rely on Ms. Lee as a fact witness and an expert witness. Ms. Lee, being utilized as an expert, opined that "[b]ased on my review of Mr. Horan's medical [sic], Mr. Horan was able to effectively communicate with hospital staff before, during, and after the TAVR procedure." Lee Dec., at 26. Ms. Lee's identity is not

3

fully realized by her brief introduction in paragraph one of her declaration. There is no evidence that Ms. Lee is qualified by her education, training, or experience to opine whether John Horan effectively communicated with hospital staff before, during, and after the TAVR procedure. Reliance on Ms. Lee's declaration that John Horan was able to effectively communicate cuts directly to the heart of the disposition of this lawsuit. Notably, the Sixth Circuit Court of Appeals "put[s] the burden on the potentially sanctioned party to prove harmlessness." *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). Here, Defendants have wholly failed to offer any explanation for their failure to identify Lee as a witness, other than to claim that they had no duty to do so. Thus, if Ms. Lee's testimony is found admissible, and then reliable, then the Defendant cannot argue that admission of her declaration into the record is harmless.

Ms. Lee opined that she has **never** had any issues with the MARTI system. Lee Dec., at17. She has **never** had an issue with obtaining a MARTI system. Lee Dec., at18. Ms. Lee even speculated that due to sedation, "… it is likely that he had little communication during the TAVR procedure with the medical personnel." Lee Dec., at 22. Ms. Lee also introduces new facts into evidence. Specifically, Ms. Lee opined that it was not unusual for University Hospital's legal department to involve themselves in whether an interpreter is going to be utilized. This statement is not only new and material, it is inconsistent with any policy proffered by University Hospitals during fact discovery. Defendants never suggested in any of their pleadings that a reason for denying John Horan's on-site interpreter request was related to radiation exposure. Seemingly, Defendants did not learn of this fact until July 31, 2020, the day Ms. Lee signed her declaration and the Friday before Defendant's motion for summary was judgment was due. The Plaintiffs never had an opportunity to explore Ms. Lee's identity, but more importantly whether radiation

4

exposure is a valid defense or whether an on-site interpreter has **never** been exposed to radiation (even with protective garments) in Defendant's cardiac care unit.

Further, counsel for Defendants emailed counsel for the Plaintiffs on August 31, 2020, the day their opposition response was due to this Court, to offer an opportunity to depose Ms. Lee. Their offer to Plaintiffs, months after the closure of fact/expert discovery, and more than two weeks after he filed for summary judgement, does not excuse compliance with Fed. R. Civ. P. 26(a). As discussed *infra*, beyond testifying on areas outside of Ms. Lee's apparent scope of knowledge, Ms. Lee has opined to significant points of fact that should have been open for exploration through interrogatories, requests for production and possibly a deposition as contemplated by Fed. R. Civ. P. 26(a). Defendants' failure to disclose Ms. Lee's identity cannot simply be cured by making Ms. Lee available for deposition in the midst of summary judgment briefing.

**C. Defendants' Mischaracterize the Circumstances of the Closing of John Horan's First Deposition, and Their Reliance on Said Testimony is Inappropriate.**

Defendants states that "… immediately prior to closing [John Horan's first] deposition, Horan's counsel stopped the deposition…." Dft. Br. In Opp., Doc#58 at 6, PageID#750. Defendant cites to John Horan's first deposition to support his assertion, however his reliance on his own exhibit belies his characterization. Indeed, after a short break in John Horan's first deposition, Defendants' counsel, stated the following for the record:

> Back on the record. This will be – you tell me – **we're going to stop** the deposition for today. We'll come back at some point later in March to conclude the deposition and address the issues. **We understand he's having a bad day**, Mr. Horan, so we're going to come back, and **hopefully he's feeling bette**r and able to communicate – not communicate – **recollect better** later in March. So well come back in. Today we're just closing. Is that fair?

*See* March 5, 2020 Deposition of John Horan, Doc # 60-1, PageID # 893, emphasis added. As made clear in the transcript of John Horan's first deposition, Mr. Horan was visibly ill and was

5

having difficulty comprehending counsel for Defendants' questions and recalling simple information. Based on the obvious issues Mr. Horan was exhibiting, the Parties jointly agreed to suspend Mr. Horan's deposition and restart the examination at a later date. Defendants now attempt to unfairly exploit testimony that they acknowledged in John Horan's first deposition was unreliable to support the baseless argument that Defendants were excused from disclosing Jessica Lee's identity. Nevertheless, nothing in John Horan's first deposition is probative on whether Defendants were required to disclose Jessica Lee in compliance with Fed. R. Civ. P. 26(a) prior to relying on her sworn declaration extensively in their summary judgment motion.

**D. Plaintiffs Seek to Strike Only the Declaration of Jessica Lee Because Her Identity Was Completely Unknown to Plaintiffs Prior to the Filing of Summary Judgment.**

Defendants argue that since Plaintiffs could have moved to strike additional declarations due to a failure of Defendants to properly disclose those individuals, Plaintiffs' request to strike the declaration of Jessica Lee should be denied. While Plaintiffs fully acknowledge that Defendants violated their duty to disclose additional witnesses that submitted declarations to their summary judgment motion, Plaintiffs were able to identify all declarants other than Ms. Lee within the 1,200 documents produced by Defendants.

The mere identification of a witness during discovery is insufficient to relieve a party of its duty to supplement its initial disclosures; rather, the identification of the witness during discovery must have been sufficient to make clear not only that the witness existed and had information, but also that the party intended to use that witness to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A), 26(e)(1)(A).

The purpose of the discovery rule's witness identification requirement is to alert an opposing party of the need to undertake discovery of the named witness, and hence, to satisfy the requirement, parties must make an unequivocal statement that they may rely upon an individual

6

on a motion or at trial. Fed. R. Civ. P. 26(a). While Plaintiffs maintain Defendants did have a duty to disclose the declarants relied on other than Ms. Lee, Plaintiffs had discovered these individuals and therefore did not them in their motion to strike. This choice by Plaintiffs has no effect whatsoever on Defendants' failure to disclose Ms. Lee's identity to Plaintiffs.

**E. A Motion to Strike Relying Upon FRCP 37(c)(1) is Not a "Discovery Dispute."**

A motion to strike evidence not previously disclosed based on Fed. R. Civ. P. 37(c)(1) is not a "discovery dispute," and therefore Plaintiffs had no obligation to meet and confer with Defendants prior to filing their motion to strike. Plaintiffs' request to strike the declaration of Jessica Lee seeks to exclude evidence from summary judgment and trial, not to compel further discovery. The Federal Rules of Civil Procedure intentionally separate "Failure to Disclose or Supplement," Fed. R. Civ. P. 37(c), from the section regarding a "Motion for an Order Compelling Disclosure or Discovery," Fed. R. Civ. P. 37(a). In addition, per Local Rule 37.1(b), discovery disputes and motions to compel may not be filed more than ten (10) days after the discovery cut-off date. Whereas, a motion to strike is an alternative option which may be filed at any time, and therefore, is the appropriate mechanism in situations like this, after discovery has long closed.

Defendants attempts to absolve themselves of their failure to identify Jessica Lee as a witness is misplaced. Fed. R. Civ. P. 26(a) imposed on them a specific affirmative duty to identify at the outset the names of individuals likely to have "discoverable information," and a duty to supplement. These duties are not excused by Plaintiffs not meeting and conferring with Defendants prior to seeking to strike Ms. Lee's testimony, due to simple fact that Plaintiffs are under no obligation to do so.

**F. Plaintiffs Respectfully Request a Teleconference With the Court to Discuss the Remaining Briefing Schedule for Defendants' Motions for Summary Judgment.**

Plaintiffs respectfully request that the Parties confer with the Court regarding the remaining briefing schedule for Defendants' summary judgment motions now that Plaintiffs' motion to strike is fully briefed. For the purpose of efficiency and convenience, Plaintiffs intended on filing a combined opposition to Defendants' three summary judgment motions. In light of Plaintiffs' motion to strike, responding to Defendants' Motion for Summary Judgment for Plaintiff John Horan prior to adjudication of the instant Motion would be difficult. Therefore, Plaintiffs respectfully request a teleconference with the Court and Defendants at their convenience. Plaintiffs' make this request solely for the purpose of determining the most appropriate manner in which to respond to Defendants' motions for summary judgment.

Respectfully Submitted,

/s/ *Sean H. Sobel*
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
55 Erieview Plaza, Suite 370
Cleveland, Ohio 44106
T: (216) 223-7213
F: (216) 223-7213
sobel@swmlawfirm.com

Andrew November (0085018)
Rebecca Cervenak (0098579)
Liner Legal, LLC
4269 Pearl Road, Suite 104
Cleveland, Ohio 44109
T: (216) 282-1773
F: (216) 920-9996
anovember@linerlegal.com
rcervenak@linerlegal.com

*Attorneys for Plaintiffs*

8

## CERTIFICATE OF SERVICE

I certify that on September 8, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

<u>*s/ Sean H. Sobel*</u>
Sean H. Sobel (0086905)

*Attorney for Plaintiffs*
